Williams, Judge,
delivered the opinion:
The plaintiff, a New Jersey corporation, was, on April 17, 1917, the owner of three certain open ash scows, or barges, to wit, the Ami, the Argos, and the Aroa. These barges were documented under the laws of the United States, at New York, on March 3, 1913, under permanent enrollment numbers 465, 466, and 467, respectively, and were thereafter, until April 17, 1917, used in the plaintiff’s business carried on at the port of New York.
The plaintiff was a subsidiary of a German corporation, commonly known as the Hainburg-American Line, all of its outstanding capital stock being owned by that corporation.
On April 17, 1917, the Secretary of War, under the direction of the President of the United States, and under the authority of the act of Congress of August 29, 1916 (39 Stat. 645), seized and took possession of the said barges, and they were thereafter used solely in the business of the Government.
On June 30, 1917, the President of the United States, by an Executive order, issued pursuant to the authority granted in a joint resolution of the Congress (Public Resolution No. 2, 65th Congress), took title in the United States to the barges, and on January 19, 1920, they were sold by the United States to the Frederick Starr Constructing Company for $11,500.
No compensation for the barges has been awarded or paid to the plaintiff by the United States.
The plaintiff filed its original petition seeking to recover just compensation for the barges on April 5, 1923. An amended petition, filed on February 18, 1924, was dismissed by the court on demurrer interposed by the defendant. (59 C. Cls. 974.) The. Supreme Court, in 277 U. S. 138, reversed the decision of this court. The court said (p. 142):
“If title to the vessels described in cause No. 5 [the case at bar] was actually taken, the United States became liable for their value. For any use of such vessels before acquisition of title the United States should pay. The allegations of
*415 the petition are not entirely clear and should be made more definite.”
The petition has been amended. The plaintiff’s ownership of the property, the date and manner of its taking, and the fact that the plaintiff has not been compensated for its value are definitely alleged. All the contentions the defendant now makes against the plaintiff’s right to maintain its suit were disposed of adversely to the defendant by the Supreme Court when it reversed the decision of this court dismissing the petition on demurrer. The findings show that the plaintiff was the owner of the barges at the time they were seized and taken over by the Government, and that their fair and reasonable value as of that date was $14,500.
We have discussed the legal questions involved in this case in Hamburg-American Line Terminal & Navigation Company v. United States, No. C-314, decided to-day.
The plaintiff is entitled to recover, and judgment will be awarded in the sum of $14,500, with interest thereon from April 17,1917, until paid. It is so ordered.
Whaley, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.